IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAD TAYLOR,<br>#06468-028,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)  CIVIL NO. 04-4075-GPM<br>)<br>)  CRIMINAL NO. 00-40101-05-GPM<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On April 9, 2004, Brad Taylor filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 1). The Government responded to the motion on November 8, 2004 (Doc. 7), and Taylor filed a reply (Doc. 10).

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> If [a 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The Seventh Circuit has noted that "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992),

*citing United States v. Frye*, 738 F.2d 196 (7th Cir. 1984). In this case, the Court finds that the factual matters raised by the motion may be resolved on the record, and the motion raises no cognizable claim. Accordingly, the Court will resolve the motion without a hearing.

### BACKGROUND

A federal grand jury returned a multi-count indictment against Brad Taylor and others on December 6, 2000. (*See* Doc. 1 in Cause No. 00-CR-40101-GPM.) Two superseding indictments were filed after the initial indictment. (*See* Docs. 37, 54 in criminal case.)

On March 6, 2001, a federal grand jury returned a multi-count third superseding indictment (Doc. 158). Brad Taylor was charged in Count 1 with conspiring to distribute and possess with intent to distribute more than five (5) grams of a mixture and substance containing cocaine base ("crack cocaine") and cocaine. Count 12 charged Taylor with knowingly and intentionally distributing cocaine on September 14, 2000.

The undersigned District Judge presided over the jury trial of this matter from April 10-12, 2001. The jury found Taylor guilty of both counts and made a specific finding beyond a reasonable doubt that the conspiracy involved more than 5 grams of cocaine. This Court subsequently imposed a sentence of 377 months imprisonment, 8 years of supervised release, a $10,000 fine, and a $500 special assessment. (*See* Doc. 354 in Cause No. 00-40101-GPM). Taylor appealed, and the Seventh Circuit affirmed the conviction and sentence. *See United States v. Randall Moss, et al.*, Nos. 01-3174, 01-3266, 01-3267, 2003 WL 173692 (7th Cir. Jan. 23, 2003). The United States Supreme Court denied *certiorari*. *See Taylor v. United States*, 538 U.S. 1067 (2003).

Taylor argues that his sentence should be vacated, set aside, or corrected for the following four reasons: (1) trial counsel gave ineffective assistance regarding Petitioner's decision not to

accept a plea offer and proceed to trial; (2) counsel was ineffective for failing to keep Petitioner informed of important developments in the course of prosecution that would affect Petitioner's decision to plead guilty or stand trial; (3) counsel was ineffective for failing to object when the sentencing court failed to conduct independent findings on drug type and quantity required by the Sentencing Guidelines and no particularized examination of his specific role in the offense; and (4) the United States District Court was without jurisdiction to impose sentence upon Petitioner pursuant to the Sentencing Reform Act of 1984, which was part of the Comprehensive Crime Control Act of 1984, Public Law 98-437; 98 Stat. 1837, which expired on September 30, 1985, and had no further effect as law.  (*See* Doc. 1.)

## ANALYSIS

Title 28, United States Code, Section 2255 provides that "[a] prisoner in custody under sentence of the court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Thus, collateral relief is available to Taylor only if any legal error in his conviction is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver*, 961 F.2d at 1341, *quoting Haase v. United States*, 800 F.2d 123, 126 (7th Cir. 1986).  In other words, a Section 2255 motion does not serve as a substitute for a direct appeal.  The United States Supreme Court has held that a defendant can raise a claim for ineffective assistance of counsel in a collateral proceeding even though he could have, but did not, raise the claim on direct appeal.  *See Massaro v. United*

*States*, 538 U.S. 500, 508-509 (2003).

To establish a claim of ineffective assistance of counsel, Taylor must show that his counsel's "performance was deficient, which means that counsel's errors were so serious that they deprived [him] of 'counsel' within the meaning of the Sixth Amendment, and that the deficient performance prejudiced him, which means that counsel's errors were so serious that they deprived him of a fair trial with reliable results." *Mahafey v. Schomig*, 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland*, 466 U.S. at 687. The Seventh Circuit has noted that "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).

There is no merit to the claims that trial counsel was ineffective. The Government maintains in its response that no written plea agreement was ever offered to Taylor. The Government was certainly under no obligation to offer a plea agreement, and Taylor has not offered any facts to show that he would have received a more favorable sentence even if he had entered an open plea of guilty. In fact, Taylor's status as a career offender belies any such argument. His assertions that he would have considered pleading guilty and that he would have received a lesser sentence are mere conjecture. The mere possibility of prejudice is insufficient to demonstrate actual prejudice. *See Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). And, because Taylor has continued to proclaim his innocence at every stage of the trial, at sentencing, and even in his collateral attack (*see* Government's response – Doc. 7 – for specific examples), his claim now that his lawyer should have talked him into pleading guilty is without merit. *See, e.g., Sanders v. United States*, 341 F.3d 720 (8th Cir. 2003). The letter from Taylor's trial counsel, John Delaney, to the Court explaining his fee tells the Court that Taylor insisted on going to trial rather than exploring plea negotiations.

The other arguments that trial counsel was ineffective likewise fail. Taylor claims that counsel failed to inform him of important developments in his case. This argument is also flawed because Taylor continues to maintain his innocence. Moreover, as the Government points out, the § 851 enhancement did not affect the ultimate sentence in this case. *See* 21 U.S.C. § 851. The amount of relevant conduct attributed to Taylor pushed up his sentencing guideline range, not the § 851 enhancement, which only imposed a mandatory minimum of 10 years. Finally, the enhancement was filed the day before trial began. The Government has produced a letter from attorney Delaney which was sent to Taylor on the very same day. Taylor is simply wrong that his attorney failed to keep him up-to-date.

Taylor's next claim goes to the Court's calculation of his relevant conduct. This argument also fails because Taylor's counsel did contest the relevant conduct, and the Court resolved the objections at an evidentiary hearing. Also, the Seventh Circuit held on direct appeal that the Court properly calculated Taylor's relevant conduct. *See United States v. Randall Moss, et al.*, Nos. 01-3174, 01-3266, 01-3267, 2003 WL 173692 at *2 (7th Cir. Jan. 23, 2003).

Finally, Taylor claims that the Court lacked jurisdiction to sentence him. Most fatal to his claim is the fact that he did not raise this argument on direct appeal. There are three types of issues that cannot be raised in a motion brought pursuant to Section 2255: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing of either good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the issue would result in a fundamental miscarriage of justice. *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir.

1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *reversed on other grounds*, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).  Taylor has offered no reason why he did not raise this claim earlier.  And, as several other courts have found (*see* cases cited in Government's response – Doc. 7), this convoluted jailhouse argument lacks any precedential support.

## CONCLUSION

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  10/18/05

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge